█ In the Matter of INCORPORATED VILLAGE OF GARDEN CITY, Appellant-Respondent, Relative to Acquiring Title to Real Property Adjacent to Grove Street for Park Purposes. JACK FARBER, Respondent-Appellant.— In a proceeding to condemn certain real property pursuant to statute (Village Law, art. 14, § 306 *et seq.*), the parties cross-appeal as follows: (1) The petitioner, the Village of Garden City, appeals from so much of the final decree of the Supreme Court, Nassau County, entered January 7, 1964 upon the opinion-decision of the court after a nonjury trial, as awarded $43,000 for damage parcel D-2. (2) The claimant, Jack Farber, cross-appeals, as limited by his brief, from so much of said decree as awarded $4,000 for damage parcel D-3 and as awarded $2,000 for a portion of damage parcel D-2. Decree modified on the law and facts by decreasing the total award for damage parcel D-2 from $43,000 to $31,500. As so modified, the decree, insofar as appealed from by the respective parties, is affirmed, without costs. Findings of fact made by the court below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The crux of the appeal by the village is whether 100% or 50% of the cost of a street improvement should be deducted from the award to be made with respect to damage parcel D-2. Special Term decided that since the village actually owned one half of the proposed roadbed, only one half of the $23,000 cost should be deducted. We are constrained to disagree. The village had no obligation to participate in the creation of a street on the site involved. If claimant or any prospective buyer were to seek a building permit to develop the seven permissible lots fronting on Grove Street, he would be required as a condition precedent either to lay the street at his expense or to post a performance bond to secure its improvement; without his compliance with one or the other of such conditions a permit would be denied (Village Law, § 179-o, subd. 2). Thus, that cost is a proper consideration in valuing the parcel and it should be fully deducted. The coincidence of the village's ownership of one half the roadbed in no way affects the obligation of the claimant or his successor to make that improvement on his own as a condition to developing the plots; therefore the village residents in general should not be expected to bear such burden (see *Spano* v. *Baldwin*, 214 N. Y. S. 2d 780). Moreover, it would be incongruous to permit the claimant to recover more money for less property, for it cannot be disputed that, if the claimant were the sole owner of the whole roadbed instead of only one half, the full cost of the improvement would be thrust upon him. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.